## H. H. WILLIAMS V. JOHN DURST'S ADMINISTRATRIX AND OTHERS.

1. To secure final payment of a note due one day after date, a deed of trust on land and other property was made by the debtor, who covenanted in the deed that he would annually cultivate cotton on a certain quantity of the land, and would annually deliver to the creditor two-thirds of the crop, until the note and interest should be fully paid ; and that, on default in delivery of the cotton each year, the trustee should sell enough of the trust property to equal the annual crop due the creditor. For several years these covenants of the deed were performed ; but about ten years after the maturity of the note, a suit to enforce the trust was brought by the creditor against the administratrix and the heirs of the debtor, who was then deceased. The defendants pleaded the statutes of limitation, and the court below ruled that if the note was barred, so also were the trusts created by the deed. *Held*, that this ruling was error. The deed of trust was of itself a contract independent of the note ; and, therefore, though the note may have become barred by limitation, it does not follow that such trusts and covenants as these were also barred.

2. This court will not undertake to readjust complicated matters of account, for the purpose of reforming instead of reversing a judgment.

APPEAL from Walker.    Tried below before the Hon. P. W. Gray.

This is a venerable record, and has been pending on appeal since 1859.  The opinion of this court states such of the facts as are germane to the rulings made.

*Jones & Ballinger*, for the appellant, filed an elaborate and very able brief and argument.

*H. J. Jewett*, for the appellees.

WALKER, J.—This action was commenced in the district court on the nineteenth of March, 1855, to enforce a specific lien on land and slaves.  The appellant averred in his petition that John Durst, being indebted

to him in about the sum of $11,000, did, on the first day of April, 1845, make and deliver to John P. Reinhart, his deed of trust for twelve hundred acres of land situated in Leon county, four hundred head of cattle, thirty head of horses and mules, and a number of negro slaves, to secure the payment of a note of even date therewith, for the sum of $11,040$\frac{48}{100}$, to be paid by installments, in the following manner: Durst bound himself, under covenant, to cultivate not less than two hundred and fifty acres of land in cotton annually, of the land embraced in the deed of trust, and to deliver each year to the plaintiff Williams, two-thirds of the crop, until the debt, principal and interest, should be discharged; and in case of his default to deliver the cotton so raised each year, then Reinhart, the trustee, after giving thirty days notice of sale, was to sell so much of the property deeded in trust, as would raise an amount equal to the annual crop. It appears that the terms of this deed were complied with for several years, but upon default being made, the note, which was due one day after date, was sued in the District Court of the United States; and that at the December Term, 1850, after deducting credits, judgment was entered for the sum of $9137$\frac{37}{100}$. On the thirty-first of October, 1871, John Durst in the meantime having died, this judgment was presented to the administratrix, and allowed by her as a valid claim against the estate of her husband. On the third day of November, 1851, the chief justice of Leon county approved the allowance of the claim.

It has become a matter, perhaps, immaterial to the parties to this suit, who were the owners of the slaves claimed by the children of John Durst under deeds of gift from their father; nor is it necessary to a proper decision of the case that that branch of it should be

commented on.   There are many other points raised in the case which we will pass over as immaterial.

We are of the opinion that the trust deed was an instrument of such a character as not to have been barred by the statute of limitations, even though the note it was intended to secure had been so barred.   The deed of trust was in itself a contract, independent of the note, containing such covenants, as to the manner in which the debt was to be paid, as precluded a right of action until after default in the execution of the covenants.   The note was due one day after date, and a right of action accrued upon its maturity.   It was dated the first of April, 1845.   But it does not appear that there was any default in the due execution of the covenants of the deed until 1851.   There was therefore no bar of the trust deed ; nor does the note appear to have been barred by the statute of limitation, as it had been reduced to judgment in the Federal Court.   The judgment was allowed by the administratrix as a valid claim against her husband's estate, and the allowance was approved by the chief justice of the county.

Whether the appellee, Henrietta Durst, is entitled to a homestead exemption, is more a question of fact, as presented upon this record, to be determined by a jury, than a question of law for the determination of this court.

The only remaining question, as it seems to us, for our determination, is as to the lien upon the land secured under the trust deed; and this lien is good, unless it must be postponed by our laws regulating the settlement of the estates of deceased persons.

If the administratrix has fraudulently kept back and concealed property belonging to the estate, which should have been invoiced as assets, she will be chargeable with the value of such property.   We think we have

sufficiently indicated what should be regarded as the law governing this case. The judgment of the district court was erroneous, and must be reversed for reasons sufficiently pointed out in this opinion.

We are asked by counsel for appellee, upon the supposition that errors may be found in the record, that the judgment of the district court be not entirely reversed, but that it be reformed.

We do not feel able to reform this judgment in a manner satisfactory to ourselves, or to the parties. It is claimed that the payments made by John Durst in his lifetime on Williams' debt, have not been fairly and equitably accounted for; that there has been miscalculation of interest, by fraud or mistake ; and that by a proper application of the payments it will be found that nearly, if not entirely, both the principal and interest of the debt have been paid. This is a matter which should be carefully inquired of by the district court, and, if necessary, an auditor should be appointed to state an account between the parties.

The judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.